**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

INNOVATION VENTURES, LLC, a Michigan
limited liability company,

        Plaintiff,

v.

                                  Case No.

EMPOWER INTERNATIONAL, LLC, a
Michigan limited liability company, and        Hon.
LIQUID MANUFACTURING, LLC, a
Michigan limited liability company,

        Defendants.

_____/

John R. Trentacosta (P31856)
Vanessa L. Miller (P67794)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100

*Attorneys for Innovation Ventures, LLC*

_____/

**COMPLAINT**

      Plaintiff Innovation Ventures, LLC (hereinafter "Plaintiff" or "Innovation Ventures"), by

and through its counsel Foley & Lardner LLP, hereby files this Complaint against Defendants

Empower International, LLC ("Empower") and Liquid Manufacturing, LLC ("Liquid

Manufacturing"), and in support thereof states as follows:

**NATURE OF THE ACTION**

      1.      This is an action for damages and injunctive and other relief, asserting various

statutory and common law claims against Defendants, including:   copyright infringement;

trademark infringement; Lanham Act (unfair competition); Lanham Act (anti-dilution); and

common law unfair competition and other related claims.  Defendants Empower and Liquid Manufacturing, without proper authorization, have used and are continuing to use trademarks, trade dress, product packaging and copyright materials on and in connection with products that are nearly identical to products bearing Innovation Ventures' family of federally registered trademarks, trade dress, product packaging and copyright-protected work.

## PARTIES AND JURISDICTION

2.      Plaintiff, Innovation Ventures  is a Michigan limited liability company with its principal place of business in Farmington Hills, Michigan.

3.      On information and belief, Defendant Empower is a Michigan limited liability company with its principal place of business in West Bloomfield, Michigan.

4.      On information and belief, Defendant Liquid Manufacturing is a Michigan limited liability company with its principal place of business in Brighton, Michigan.

5.      This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as questions of federal law have been presented under the Federal Lanham Act (15 U.S.C. § 1051 *et seq.*) and the U.S. Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*)  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper based on 28 U.S.C. § 1391 because Defendants Empower and Liquid Manufacturing regularly conduct business in this District, including, on information and belief, by offering for sale and/or distributing products to customers in this District and/or a substantial part of the claims arose in this District.

## FACTS COMMON TO ALL COUNTS

### Innovation Ventures' Business And The 5-Hour Energy Trademarks, Copyright-Protected Caution Label, And Packaging Trade Dress

7.     Plaintiff manufactures 5-HOUR ENERGY® branded dietary supplements that are commonly categorized as, "liquid energy shots."

8.     Plaintiff has invested a great deal of time, effort and money to create an effective product and advertise and promote that product to consumers.  As a result of those efforts, Plaintiff created and maintains goodwill with 5-HOUR ENERGY® branded products, and the trademarks and trade dress embodied within said products are associated with that goodwill.

9.     Innovation Ventures is the exclusive licensee to a body of intellectual property including a family of trademarks that are used in connection with advertising, offering for sale, distribution and sale of products bearing the 5-HOUR ENERGY® mark.  Innovation Ventures has standing to assert and defend against causes of action asserted in this pleading.

10.     The 5-HOUR ENERGY® trademark was duly and lawfully registered and is currently registered on the Principal Register of the United States Patent and Trademark Office on August 2, 2011 as U.S. Registration No. 4,004,225 ("the '225 registration").  The 5-HOUR ENERGY trademark has exceedingly valuable goodwill and is famous within the United States and widely recognized throughout the world.  A copy of the Certificate of Registration for this trademark is attached hereto as Exhibit A.

11.     Plaintiff has used the 5-HOUR ENERGY® trademark of the '225 registration as its trademark continuously in interstate commerce since at least 2004 to the present.

12.     The 5-HOUR ENERGY® design trademark was duly and lawfully registered and is currently registered on the Principal Register of the United States Patent and Trademark Office

on February 28, 2012 as U.S. Registration No. 4,104,670 ("the '670 registration").  A copy of the Certificate of Registration for this trademark is attached hereto as Exhibit B.

13.    Plaintiff has used the 5-HOUR ENERGY® design trademark of the '670 registration as its trademark continuously in interstate commerce since at least 2004 to the present.

14.    Plaintiff duly and lawfully registered and has currently registered on the Principal Register of the United States Patent and Trademark Office four registrations for certain trade dress that appears on various 5-HOUR ENERGY® products: U.S. Registration No. 3,940,928, registered April 5, 2011 ("the '928 registration"); U.S. Registration No. 3,940,929, registered April 5, 2011 ("the '929 registration"); U.S. Registration No. 3,940,946, registered April 5, 2011 ("the '946 registration"); and U.S. Registration No. 4,116,951, registered March 27, 2012 ("the '951 registration").  Copies of the Certificates of Registration for these trademarks are attached hereto as Exhibit C, Exhibit D, Exhibit E, and Exhibit F, respectively.

15.    Plaintiff has used the trade dress of the '928 registration as its trademark continuously in interstate commerce since at least 2005 to the present.

16.    Plaintiff has used the trade dress of the '929 registration as its trademark continuously in interstate commerce since at least 2005 to the present.

17.    Plaintiff has used the trade dress of the '946 registration as its trademark continuously in interstate commerce since at least 2008 to the present.

18.    Plaintiff has used the trade dress of the '951 registration as its trademark continuously in interstate commerce since at least 2008 to the present.

19.    The 5-HOUR ENERGY® federally registered trademarks and trade dress referenced in paragraphs 9-18 (hereinafter collectively referred to as, the "5-HOUR ENERGY®

Trademarks") are widely recognized by the general public and symbolize business goodwill and are an intangible asset of substantial commercial value.

20.    Innovation Ventures is the exclusive licensee to the caution label ("Caution Label") that appears on 5-HOUR ENERGY® products and has obtained a registration from the United States Copyright Office for the Caution Label.  That copyright registration is Registration No. TX 7-515-262, effective May 1, 2012.  A copy of the Certificate of Registration for the Caution Label is attached hereto as <u>Exhibit G</u>.

21.    Innovation Ventures is the exclusive licensee to the 5-HOUR ENERGY® product packaging bearing the aforementioned 5-HOUR ENERGY® Trademarks and copyrighted work. The 5-HOUR ENERGY® product packaging is highly distinctive and widely recognized among consumers.   The 5-HOUR ENERGY® product packaging includes the combination of the distinctive size and shape of the bottle and the "5-hour ENERGY" mark and registered trade dress.  An example of the 5-HOUR ENERGY® product packaging is shown below:



5

22.     The 5-HOUR ENERGY® product packaging illustrated above is arbitrary, nonfunctional and distinctive.

23.     The 5-HOUR ENERGY® product packaging has been extensively and continuously used by Plaintiff since 2004, is inherently distinctive and/or has become distinctive through the acquisition of "secondary meaning."

24.     The 5-HOUR ENERGY® product packaging (hereinafter referred to as, the "Packaging Trade Dress") symbolizes business goodwill of Plaintiff and is an intangible asset of substantial commercial value.

25.     Long prior to the acts of the Defendants herein alleged, Plaintiff and its authorized distributors and dealers have used the 5-HOUR ENERGY® Trademarks, Caution Label and Packaging Trade Dress alone or in combination, or in connection with its supplement products, including in connection with promotion, marketing and advertising of supplement products, for sale throughout the world, including the United States and this District.  These products and services are hereinafter collectively referred to as the "5-HOUR ENERGY® Products and Services."

26.     Sales, advertising and promotion of the 5-HOUR ENERGY® Products and Services since 2004 have amounted to hundreds of millions of dollars.

27.     As a result of such continuous use and extensive sales, advertising and promotion of the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress by Plaintiff, its authorized distributors and dealers throughout the world, the marks and products associated with the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress enjoy worldwide recognition and a world-famous reputation and are recognized by the public as emanating from Plaintiff.

6

28.     The 5-HOUR ENERGY® Trademarks and Packaging Trade Dress are famous marks and represent property of great value to Plaintiff.

**Defendants' Infringing Conduct**

29.     Defendant Liquid Manufacturing, which formerly manufactured 5-HOUR ENERGY® products, including packaging and assembling product labels for Plaintiff, is now manufacturing the infringing 9 HOUR ENERGY products, packaging and product labels.

30.     Defendant Empower distributes and sells the infringing 9 HOUR ENERGY products in interstate commerce to the general public.

31.     Subsequent to Plaintiff's use of the 5-HOUR ENERGY® Trademarks, Caution Label and Packaging Trade Dress as above alleged, and with actual knowledge of Plaintiff's use of the 5-HOUR ENERGY® Trademarks, Caution Label and Packaging Trade Dress, and any simulation, reproduction, copy, or colorable imitation thereof, and with the intent to misrepresent the source of Defendants' goods, Defendants copied, adopted and are using the 5-HOUR ENERGY® Trademarks, Caution Label and Packaging Trade Dress in connection with the manufacturing, advertising, offering for sale and sale of supplements in the United States, in the State of Michigan and in this District.   A photograph of Defendants' product, 9 HOUR ENERGY, and its packaging is illustrated below:



32.     Defendants have no consent, license, approval or other authorization to use the 5-HOUR ENERGY® Trademarks, copyright-protected Caution Label and Packaging Trade Dress or confusingly similar or colorable imitation thereof in connection with their products.

33.     Defendants' use of the famous 5-HOUR ENERGY® Trademarks, copyright-protected Caution Label and Packaging Trade Dress or confusingly similar or colorable imitation thereof as alleged in the foregoing paragraphs clearly shows the willful intent of the Defendants to misrepresent the source of Defendants' goods so as to create confusion, mistake or to deceive as to Defendants' connection or association with Plaintiff and the source and/or sponsorship of Defendants' products.

**COUNT I –**

**DIRECT FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114
AGAINST EMPOWER AND LIQUID MANUFACTURING**

34.     Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

35.     The above-described acts and conduct of Defendants Empower and Liquid Manufacturing constitute willful infringement of Plaintiff's exclusive rights in the 5-HOUR ENERGY® Trademarks and are in violation of the federal trademark laws, including § 32 of the Trademark Act of 1946, as amended (15 U.S.C. § 1114(a)).

36.     Defendants' use of the 5-HOUR ENERGY® Trademarks, copies, reproductions, or colorable imitations thereof has been and continues to be done with the intent to cause confusion, mistake, and to deceive customers concerning the source and/or sponsorship of Defendants' products and services.  Defendants have used the 5-HOUR ENERGY® Trademarks in connection with their products and services with the knowledge that the marks are confusingly similar and with the intent to cause confusion.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

37.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to the valuable 5-HOUR ENERGY® Trademarks and its reputation in the industry.  Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm to its proprietary rights, established goodwill and business reputation.  The wrongful acts by Defendants have caused, and unless this Court acts to enjoin Defendants, will continue to cause great and irreparable harm to Plaintiff and its proprietary rights, goodwill and business reputation, and to customers of Plaintiff.

**COUNT II** –

## CONTRIBUTORY FEDERAL TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114
## AGAINST DEFENDANT LIQUID MANUFACTURING

38.     Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

39.     Through its previous business relationship with Plaintiff, Defendant Liquid Manufacturing knew and/or had reason to know that Plaintiff's 5-HOUR ENERGY® Trademarks were federally registered and were the exclusive intellectual property of Plaintiff.

40.     With actual knowledge of Plaintiff's federally registered trademarks, Liquid Manufacturing manufactures, assembles, bottles, labels and otherwise produces product for Defendant Empower that includes trademarks and/or trade dress that is confusingly similar to Plaintiff's trademark and/or trade dress.

41.     On information and belief, Liquid Manufacturing is the party in control of the assembly, bottling, labeling, filling and overall production of the 9 HOUR ENERGY product that is marketed, advertised, offered for sale and sold by Defendant Empower.

42.     On information and belief, Liquid Manufacturing's conduct induced, caused and/or materially contributed to the direct trademark infringement by Defendant Empower.

43.     Plaintiff has incurred actual damages as a result of Liquid Manufacturing's contributory trademark infringement for which it is liable in the amount thus far not determined.

44.     On information and belief, Defendant Liquid Manufacturing derives and/or has derived financial benefit, gains, profits and advantages as a result of the acts complained of herein in an amount thus far not determined.  Defendant Liquid Manufacturing is liable to Plaintiff for this undetermined amount.

10

45.     The above-described acts and conduct of Defendant Liquid Manufacturing constitute willful contributory infringement of Plaintiff's exclusive rights in the 5-HOUR ENERGY® Trademarks and are in violation of the federal trademark laws, including § 32 of the Trademark Act of 1946, as amended (15 U.S.C. § 1114(a)).

46.     Liquid Manufacturing's willful contributory infringement warrants a determination that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

**COUNT III –**

**DIRECT COPYRIGHT INFRINGEMENT**
**AGAINST DEFENDANTS EMPOWER AND LIQUID MANUFACTURING**

47.     Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

48.     The text of Plaintiff's Caution Label as set forth in U.S. Copyright Registration No. TX-7-515-262, as well as the selection, arrangement and presentation of such text, are wholly original with Plaintiff and constitute copyrightable subject matter under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

49.     Plaintiff has complied in all respects with the law governing copyright and has secured the exclusive rights and privileges in and to the Caution Label and has received from the Registrar of Copyrights a Certificate of Registration for same.

50.     Plaintiff and all those acting under its authority have complied with their obligations under the copyright laws, and Plaintiff has at all times been and still is the sole proprietor of or is otherwise authorized to enforce all right, title and interest in the Caution Label.

51.     Defendants Empower and Liquid Manufacturing are and have been infringing on Plaintiff's copyrighted work by printing, publishing, marketing, distributing and selling products

featuring a textual portion that is virtually identical to Plaintiff's copyright-protected Caution Label without any permission, license or other authorization from Plaintiff.

52.     The products printed, published, marketed, distributed and/or sold by the Defendants utilize unauthorized copies of Plaintiff's copyrighted work in violation of 17 U.S.C. § 106. Plaintiff's Caution Label is infringed as demonstrated below:

| PLAINTIFF | DEFENDANTS |
|---|---|
| CAUTION: Contains caffeine comparable to a cup of the leading premium coffee. Limit caffeine products to avoid nervousness, sleeplessness, and occasional rapid heartbeat. You may experience a Niacin Flush (hot feeling, skin redness) that lasts a few minutes. This is caused by increased blood flow near the skin. | CAUTION: Contains caffeine comparable to two cups of coffee. Limit caffeine products to avoid nervousness, sleeplessness, and rapid heartbeat. You may experience a Niacin flush (hot feeling, skin redness) that lasts for a few minutes. This is caused by increasing blood flow near the skin. |

53.     As a direct and proximate result of Defendants' unlawful activity, Plaintiff has incurred damages in an amount thus far not determined.

54.     On information and belief, Defendants derive and/or have derived financial benefit, gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined. Each Defendant is jointly and severally liable for this undetermined amount.

55.     In the alternative to recovering actual damages and profits under the Copyright Act and in addition to attorneys' fees, which are requested under this Act, Plaintiff should be awarded the following statutory damages under 17 U.S.C. § 504(c) from each Defendant: (a) Thirty Thousand Dollars ($30,000.00) pursuant to 17 U.S.C. § 504(c)(1) for infringement of the copyright-protected Caution Label; or (b) One Hundred Fifty Thousand Dollars ($150,000.00) pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of such copyrighted work by each Defendant.

56.     Plaintiff has no adequate remedy at law and is suffering and will continue to suffer irreparable harm if Defendants' acts of copyright infringement are not enjoined.

Accordingly, in addition to monetary relief, Plaintiff seeks permanent injunctive relief pursuant to 17 U.S.C. § 502.

**COUNT IV** –

**CONTRIBUTORY COPYRIGHT INFRINGEMENT
AGAINST DEFENDANT LIQUID MANUFACTURING**

57.     Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

58.     Defendant Liquid Manufacturing obtained and utilized Plaintiff's copyrighted work without any permission, license or other authorization from Plaintiff, in violation of 17 U.S.C. § 106.

59.     On information and belief, Defendant Liquid Manufacturing provided Plaintiff's copyright information to Defendant Empower.

60.     On information and belief, Defendant Liquid Manufacturing is the party with the primary responsibility for the control, management, supervision and direction of the assembly, bottling, filling, labeling and overall production of Defendant Empower's infringing product.

61.     The actions of Defendant Liquid Manufacturing induced, caused and/or materially contributed to the direct copyright infringement of Plaintiff's copyrighted work by Defendant Empower.

62.     Plaintiff has incurred actual damages as a result of Liquid Manufacturing's contributory copyright infringement for which it is liable in the amount thus far not determined.

63.      On information and belief, Defendant Liquid Manufacturing derives and/or has derived financial benefit, gains, profits and advantages as a result of the acts complained of herein in an amount thus far not determined.  Defendant Liquid Manufacturing is liable to Plaintiff for this undetermined amount.

64.     In the alternative to recovering actual damages and profits under the Copyright Act and in addition to attorneys' fees, which are requested under this Act, Plaintiff should be awarded statutory damages under 17 U.S.C. § 504(c) from Defendant Liquid Manufacturing in the amount of either (a) Thirty Thousand Dollars ($30,000.00) pursuant to 17 U.S.C. § 504(c)(1) for contributory infringement of "Caution" label or; (b) One Hundred Fifty Thousand Dollars ($150,000.00) pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of such copyrighted work.

65.     Plaintiff has no adequate remedy at law and is suffering and will continue to suffer irreparable harm if Defendant Liquid Manufacturing's acts of contributory copyright infringement are not enjoined.  Accordingly, in addition to monetary relief, Plaintiff seeks permanent injunctive relief pursuant to 17 U.S.C. § 502.

## COUNT V –

### FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a) AGAINST DEFENDANTS EMPOWER AND LIQUID MANUFACTURING

66.     Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

67.     The above-described acts and conduct of Defendants Empower and Liquid Manufacturing violate § 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)).

68.     Defendants Empower and Liquid Manufacturing have knowingly used and continue to use in commerce the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress, or reproductions, copies or colorable imitations thereof, in connection with the products and services that Defendants manufacture, advertise, promote and sell.  Defendants have used the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress knowing that the marks used are

confusingly similar and with the intent to cause confusion.  Plaintiff's 5-HOUR ENERGY®

Packaging Trade Dress is infringed as demonstrated below:

| PLAINTIFF | DEFENDANTS |
|-----------|------------|



69.     Defendants' use of the 5-HOUR ENERGY® Trademarks and Packaging Trade

Dress in commerce alleged above is likely to confuse, mislead or deceive customers, purchasers

and members of the general public as to the origin, source, sponsorship or affiliation of

Defendants' products and services and is likely to cause such people to believe in error that

Defendants' products and services have been authorized, sponsored, approved, endorsed or

licensed by Plaintiff or that Defendants are in some way affiliated with Plaintiff or with the 5-

HOUR ENERGY® brand.

70.     Defendants' acts constitute false and misleading descriptions, false advertising

and false designations of the origin and/or sponsorship of Defendants' goods and constitute

trademark infringement in violation of 15 U.S.C. § 1125(a).  Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

71.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to the valuable 5-HOUR ENERGY® Trademarks and Packaging Trade Dress and its reputation in the industry and marketplace. Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm to its proprietary rights, established goodwill and business reputation.  Defendants' acts have caused and, unless this Court acts to enjoin Defendants, will continue to cause great and irreparable harm to Plaintiff and its proprietary rights, goodwill and business reputation and to customers of Plaintiff.

**COUNT VI –**

**CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)**
**AGAINST DEFENDANT LIQUID MANUFACTURING**

72.     Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

73.     Through its previous business relationship with Plaintiff, Defendant Liquid Manufacturing knew and/or had reason to know that Plaintiff's 5-HOUR ENERGY® Trademarks and Packaging Trade Dress were federally registered and were the exclusive intellectual property of Plaintiff.

74.     Liquid Manufacturing knowingly used and continues to use the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress, or reproductions, copies or colorable imitations thereof, in connection with the manufacture, assembly bottling, labeling, filling and general production of the products that Defendant Empower sells and are likely to confuse, mislead or deceive customers, purchasers and members of the general public as to the origin,

source, sponsorship, approval, affiliation, endorsement or license of Empower's products by Plaintiff or that Defendant Empower is in some way affiliated with Plaintiff or with the 5-HOUR ENERGY® brand.

75.    On information and belief, Liquid Manufacturing's conduct induced, caused and/or materially contributed to the direct trademark infringement by Defendant Empower under section 15 U.S.C. § 1125(a).

76.    Plaintiff has incurred actual damages as a result of Liquid Manufacturing's contributory trademark infringement for which it is liable in the amount thus far not determined.

77.    On information and belief, Defendant Liquid Manufacturing derives and/or has derived financial benefit, gains, profits and advantages as a result of the acts complained of herein in an amount thus far not determined.  Defendant Liquid Manufacturing is liable to Plaintiff for this undetermined amount.

78.    The above-described acts and conduct of Defendant Liquid Manufacturing constitute willful contributory infringement of Plaintiff's exclusive rights in the 5-HOUR ENERGY® Trademarks and are in violation of § 1125 of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)).

79.    Liquid Manufacturing's willful contributory infringement warrant a determination that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

80.    As a direct and proximate result of Liquid Manufacturing's conduct, Plaintiff has suffered irreparable harm to the valuable 5-HOUR ENERGY® Trademarks and Packaging Trade Dress and its reputation in the industry and marketplace. Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm to its proprietary rights, established goodwill and business reputation.  Liquid Manufacturing's acts

have caused and, unless this Court acts to enjoin Liquid Manufacturing, will continue to cause great and irreparable harm to Plaintiff and its proprietary rights, goodwill and business reputation and to customers of Plaintiff.

## COUNT VII –
## DIRECT TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(c), DILUTION AGAINST DEFENDANTS EMPOWER AND LIQUID MANUFACTURING

81.     Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

82.     Plaintiff brings the following claim under the Federal Anti-Dilution Statute pursuant 15 U.S.C. § 1125(c).

83.     As a result of Plaintiff's continuous promotion of its goods in conjunction with its trademarks, the 5-HOUR ENERGY® Trademarks described above have become recognized as famous marks.

84.     Defendants' advertisement, marketing, promotion, distribution, offer for sale and sale of the competing products using Plaintiff's 5-HOUR ENERGY® Trademarks (or confusingly similar mark) began after Plaintiff's Trademarks were used in commerce and became famous.  Defendants' conduct has caused and/or is likely to cause dilution of the distinctive quality of the 5-HOUR ENERGY® Trademarks resulting in and/or is likely to result in injury to Plaintiff pursuant to 15 U.S.C. § 1125(c).

85.     Defendants have willfully intended to trade on Plaintiff's reputation and/or to cause dilution of Plaintiff's 5-HOUR ENERGY® Trademarks.

86.     Accordingly, Plaintiff is entitled to recover its damages, as well as Defendants' profits received as a result of the infringement pursuant 15 U.S.C. § 1117(a).

87.     On information and belief, Defendants derive and/or have derived financial benefit, gains, profits and advantages as a result of their federal trademark dilution in an amount thus far not determined.  Plaintiff has incurred damages caused by Defendants unlawful activity. Each Defendant is jointly and severally liable to Plaintiff for this undetermined amount.

88.     Plaintiff has no adequate remedy at law and is suffering and will continue to suffer irreparable harm if Defendants' acts of federal trademark dilution are not immediately enjoined.  Accordingly, in addition to monetary relief, Plaintiff seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125.

### COUNT VIII –
### CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(c), DILUTION AGAINST DEFENDANT LIQUID MANUFACTURING

89.     Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein

90.     Plaintiff brings the following claim under the Federal Anti-Dilution Statute pursuant 15 U.S.C. § 1125(c).

91.     As a result of Plaintiff's continuous promotion of its goods in conjunction with its trademarks, the 5-HOUR ENERGY® Trademarks described above has become recognized as famous marks.

92.     Defendants' advertisement, marketing, promotion, distribution, offer for sale and sale of the competing products using Plaintiff's 5-HOUR ENERGY® Trademarks (or confusingly similar mark) began after Plaintiff's Trademarks were used in commerce and became famous.  Defendants' conduct has caused and/or is likely to cause dilution of the

distinctive quality of the 5-HOUR ENERGY® Trademarks resulting in and/or likely to result in injury to Plaintiff pursuant to 15 U.S.C. § 1125(c).

93.     Through its previous business relationship with Plaintiff, Defendant Liquid Manufacturing knew and/or had reason to know that Plaintiff's trademarks, trade dress and/or product packaging were federally registered was exclusive intellectual property to Plaintiff and Defendant Liquid Manufacturing willfully intended to trade on Plaintiff's reputation and/or to cause dilution of the 5-HOUR ENERGY® Trademarks.

94.     On information and belief, Liquid Manufacturing's conduct induced, caused, and/or materially contributed to the direct trademark infringement via dilution by Defendant Empower under section 15 U.S.C. § 1125(c).

95.     On information and belief, Defendant Liquid Manufacturing derives and/or has derived financial benefit, gains, profits and advantages as a result of the acts complained of herein in an amount thus far not determined.  Defendant Liquid Manufacturing is liable to Plaintiff for this undetermined amount.

96.     Plaintiff has incurred actual damages as a result of Defendant Liquid Manufacturing's contributory trademark  infringement for which it is liable in the amount thus far not determined.

97.     The above-described acts and conduct of Defendant Liquid Manufacturing constitute willful contributory infringement of Plaintiff's exclusive rights in the 5-HOUR ENERGY® Trademarks and are in violation of § 1125 of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(c)).

98.     Defendant Liquid Manufacturing's willful contributory infringement warrant a determination that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

99.     As a direct and proximate result of Defendant Liquid Manufacturing's conduct, Plaintiff has suffered irreparable harm to the valuable 5-HOUR ENERGY® Trademarks and Packaging Trade Dress and its reputation in the industry and marketplace.  Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm to its proprietary rights, established goodwill and business reputation. Liquid Manufacturing's acts have caused and, unless this Court acts to enjoin Liquid Manufacturing, will continue to cause great and irreparable harm to Plaintiff and its proprietary rights, goodwill and business reputation and to customers of Plaintiff.

### COUNT IX –
### COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT AGAINST DEFENDANTS EMPOWER AND LIQUID MANUFACTURING

100.     Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

101.     Plaintiff was the first to use the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress or any mark similar thereto in association with the sale of any product and service. As a result of the continued sale by Plaintiff of 5-HOUR ENERGY® Products and Services bearing the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress since approximately 2004, the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress have become widely known, and Plaintiff has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress are applied.

102.     As a result of the experience, care and service of Plaintiff in producing 5-HOUR ENERGY® Products and Services, 5-HOUR ENERGY® Products and Services have become widely known and have acquired a worldwide reputation for quality, durability and performance.

21

Moreover, the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress have become associated with 5-HOUR ENERGY® Products and Services and have come to symbolize the reputation for quality and excellence of 5-HOUR ENERGY® Products and Services.  As such, the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress have become distinctive.

103.    Defendants, with knowledge of and with intentional disregard for Plaintiff's rights, continue to advertise, promote and sell products and services using the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress and confusing imitations thereof.  Such acts by the Defendants have caused and continue to cause confusion as to the source and/or sponsorship of Defendants' products and services.

104.    Defendants' acts constitute willful infringement of Plaintiff's exclusive rights in the 5-HOUR ENERGY® Trademarks and Packaging Trade Dress, in violation of the common law.  By reason of Defendants' actions, Plaintiff has suffered irreparable harm to the valuable 5-HOUR ENERGY® Trademarks and Packaging Trade Dress.  Unless Defendants are restrained from further infringement of the 5-HOUR Trademarks and Packaging Trade Dress, Plaintiff will continue to suffer irreparable harm.

105.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to the valuable 5-HOUR ENERGY® Trademarks and Packaging Trade Duress and its reputation in the industry.  Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm to its proprietary rights, established goodwill and business reputation.  Defendants' acts have caused and, unless this Court acts to enjoin Defendants, will continue to cause great and irreparable harm to Plaintiff and its proprietary rights, goodwill and business reputation, and to customers of Plaintiff.

## COUNT X –

### COMMON LAW UNFAIR COMPETITION
### AGAINST DEFENDANTS EMPOWER AND LIQUID MANUFACTURING

106.    Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

107.    The above-described acts and conduct of Defendants Empower and Liquid Manufacturing constitute unfair competition arising under the common law of the State of Michigan.

108.    As a direct and proximate result of the unfair competition of Defendants Empower and Liquid Manufacturing, Defendants have caused and will continue to cause damage and irreparable injury to Plaintiff.

109.    On information and belief, the acts and conduct of Defendants Empower and Liquid Manufacturing complained of herein have been committed intentionally, willfully, deliberately and/or in reckless disregard of Plaintiff's legal rights.

110.    Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm to its proprietary rights, established goodwill and business reputation.  Defendants' acts have caused and, unless this Court acts to enjoin Defendants, will continue to cause great and irreparable harm to Plaintiff and its proprietary rights, goodwill and business reputation, and to customers of Plaintiff.

## COUNT XI –

### CIVIL CONSPIRACY
### AGAINST DEFENDANTS EMPOWER AND LIQUID MANUFACTURING

111.    Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

112.    Defendants Empower and Liquid Manufacturing have engaged in concerted action to accomplish an unlawful purpose or a lawful purpose by an unlawful means, including trademark infringement, copyright infringement, trade dress infringement and unfair competition as more fully set forth above.

113.    Defendants Empower and Liquid Manufacturing are improperly working in concert to manufacture, market, distribute and sell 9 HOUR ENERGY products, which infringe Plaintiff's 5-HOUR ENERGY® Trademarks, copyright-protected Caution Label and Packaging Trade Dress.

114.    As a direct and proximate result of the Defendants' conspiracy, Defendants have caused and will continue to cause damage and irreparable injury to Plaintiff.

115.    On information and belief, the acts and conduct of Empower and Liquid Manufacturing complained of herein have been committed intentionally, willfully, deliberately and/or in reckless disregard of Plaintiff's legal rights.

116.    Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm to its proprietary rights, established goodwill and business reputation.  Defendants' acts have caused and, unless this Court acts to enjoin Defendants, will continue to cause great and irreparable harm to Plaintiff and its proprietary rights, goodwill and business reputation, and to customers of Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants Empower and Liquid Manufacturing as follows:

A.    Determinations that:

(i)     Defendants have willfully and deliberately violated 15 U.S.C. § 1114, that Plaintiff has been damaged by such violation and that the Defendants are liable to Plaintiff for such violation;

(ii)    Defendant Liquid Manufacturing has willfully and deliberately violated 15 U.S.C. § 1114 via contributory infringement, that Plaintiff has been damaged by such violation and that Defendant Liquid Manufacturing is liable to Plaintiff for such violation;

(iii)   Defendants have willfully and deliberately violated 15 U.S.C. § 1125(a), that Plaintiff has been damaged by such violation and that the Defendants are liable to Plaintiff for such violation;

(iv)    Defendant Liquid Manufacturing has willfully and deliberately violated 15 U.S.C. § 1125(a) via contributory infringement, that Plaintiff has been damaged by such violation and that Defendant Liquid Manufacturing is liable to Plaintiff for such violation;

(v)     Defendants have willfully and deliberately violated 15 U.S.C. § 1125(c), that Plaintiff has been damaged by such violation and that the Defendants are liable to Plaintiff for such violation;

(vi)    Defendant Liquid Manufacturing has willfully and deliberately violated 15 U.S.C. § 1125(c) via contributory infringement, that Plaintiff has been damaged by such violation and that Defendant Liquid Manufacturing is liable to Plaintiff for such violation;

(vii)   Defendants have willfully and deliberately violated 17 U.S.C. § 106, that Plaintiff has been damaged by such violation and that the Defendants are liable to Plaintiff for such violation;

(viii)  Defendant Liquid Manufacturing has willfully and deliberately violated 17 U.S.C. § 106 via contributory infringement, that Plaintiff has been damaged by such violation and that Defendant Liquid Manufacturing is liable to Plaintiff for such violation;

(ix)    Defendants have committed common law trademark infringement, that Plaintiff has been damaged by such infringement and that Defendants are liable to Plaintiff for common law trademark infringement;

(x)     Defendants have committed common law unfair competition, that Plaintiff has been damaged by such unfair competition and that Defendants are liable to Plaintiff for common law unfair competition;

(xi)    Defendants have committed civil conspiracy, that Plaintiff has been damaged by such conspiracy and that Defendants are liable to Plaintiff for civil conspiracy; and

(xii)   this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

B.   Under all claims for relief, that injunction be temporarily, preliminarily and permanently issued enjoining Defendants, their agents, officers, directors, employees, attorneys, privies, successors and assigns, and all those acting for, on behalf of, in active concert or participation with them, and each of them who receives notice directly or otherwise of such injunctions from:

(i)     imitating, copying or making any unauthorized use of the 5-HOUR ENERGY® Trademarks, copyright-protected Caution Label and Packaging Trade Dress;

(ii)    importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, copy or colorable imitation of the 5-HOUR ENERGY® Trademarks, copyright-protected Caution Label and Packaging Trade Dress;

(iii)   using any simulation, reproduction, copy or colorable imitation of the 5-HOUR ENERGY® Trademarks, copyright-protected Caution Label and Packaging Trade Dress in connection with the promotion, advertising or distribution of any product or service; and

(iv)    using any false designation of origin or false description (including, without limitation, any letters, symbols or designs constituting the 5-HOUR ENERGY® Trademarks, copyright-protected Caution Label and Packaging Trade Dress) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants are in any manner associated or connected with Plaintiff, the 5-HOUR ENERGY® brand or the 5-HOUR ENERGY® Trademarks, copyright-protected Caution Label and Packaging Trade Dress, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

C.      For an Order:

(i)     directing that Defendants deliver for destruction all products, labels, tags, signs, prints, packages, videos and advertisements in their possession or under their control, bearing or using the 5-HOUR ENERGY® Trademarks, copyright-protected Caution Label and Packaging Trade Dress or any simulation, reproduction, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same;

(ii)    directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Plaintiff or related in any way to 5-HOUR ENERGY® Products and Services;

(iii)   requiring Defendants to file with the Court and provide to Plaintiff an accounting of all sales and profits realized by Defendants through the use of the 5-HOUR ENERGY® Trademarks, copyright-protected Caution Label and Packaging Trade Dress and any simulation, reproduction, copy or colorable imitation thereof;

(iv)    directing the Defendants and their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment; and

   (v)  permitting Plaintiff, and/or auditors of Plaintiff, to audit and inspect the books, records and premises of the Defendants and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendants' past use of Plaintiff's intellectual property, including all manufacturing, distribution, and sales of products bearing the 5-HOUR ENERGY® Trademarks, copyright-protected Caution Label and Packaging Trade Dress, as well as the Defendants' compliance with the Order of this Court;

  D.  For an award of Plaintiff's damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Plaintiff's costs and attorneys' fees pursuant to 15 U.S.C. § 1117;

  E.  For an award of Plaintiff's damages that Plaintiff has sustained as a consequence of Defendants' copyright infringement and to account for all gains, profits and advantages derived by each Defendant by the infringement of Plaintiff's copyright or, as an alternative to recovering actual damages and any additional profits under the Copyright Act, awarding Defendants to pay Plaintiff the statutory damages thereunder for Plaintiff's copyrighted work infringed by each of the Defendants;

  F.  For an increased award of statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504;

  G.  For an award of Plaintiff's reasonable attorneys' and investigators' fees in accordance with 17 U.S.C. § 505;

  H.  For an award of Plaintiff's costs and disbursements incurred in this action, including Plaintiff's reasonable attorneys' fees;

I.      For an award of any other damages incurred by Plaintiff's arising out of Defendants' acts;

J.      For an award of interest, including pre-judgment interest on the foregoing sums; and

K.      For such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Innovation Ventures demands trial by jury on all issues so triable herein.

FOLEY & LARDNER LLP

By: s/ Vanessa L. Miller
John R. Trentacosta (P31856)
Vanessa L. Miller (P67794)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100 (Telephone)
(313) 234-2800  (Facsimile)
jtrentacosta@foley.com
vmiller@foley.com
*Attorneys for Innovation Ventures, LLC*

Dated: December 21, 2012