UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC,

       Plaintiff,

v.                                  Case Number: 12-15633
                                      Honorable Victoria A. Roberts

LIQUID MANUFACTURING, LLC,

       Defendants.

_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR COSTS AND ATTORNEYS' FEES (DOC. 36)

Innovation Ventures, LLC ("Plaintiff") brought this action against Empower International, LLC and Liquid Manufacturing, LLC for trademark infringement. Empower International was dismissed from the case following the entry of a consent judgment; Liquid Manufacturing ("Defendant") remains as the sole defendant.

Before the Court is Plaintiff's Motion to Enforce Settlement Agreement with Defendant. (Doc. 36). This matter is fully briefed; the Court waives oral argument under L.R. 7.1(e)(2).

Leading up to December 2, 2013, Plaintiff and Defendant exchanged versions of a settlement agreement (the "Settlement Agreement") and a permanent injunction. On December 2, 2013, Plaintiff's counsel emailed Defendant's counsel asking for confirmation that Defendant agreed to the finalized versions of the Settlement Agreement and injunction, which were attached to the email and which reflected Defendant's final changes. Later that day, Defendant's counsel responded to the email and informed Plaintiff's counsel that Defendant accepted the Settlement Agreement and injunction. The parties never signed the Settlement Agreement. On December 4, 2013,

the Court entered the stipulated permanent injunction.

The terms of the Settlement Agreement are confidential.  However, there is a carve-out to the confidentiality provision that allows Plaintiff to seek the Court's assistance in enforcing the Settlement Agreement.

The Settlement Agreement contains an effective date of December 30, 2013 and required that Defendant remit the settlement payment to Plaintiff by that date. Defendant failed to remit the settlement payment by December 30.

Plaintiff asks the Court to enter an order: (1) declaring that Plaintiff and Defendant reached a valid and enforceable Settlement Agreement; (2) requiring Defendant to abide by the terms of the Settlement Agreement; and (3) awarding Plaintiff its costs and attorneys' fees in bringing this motion.

The Court finds that the parties entered a valid and enforceable Settlement Agreement.  First, Defendant admits that the Settlement Agreement is valid and enforceable.  In addition, under Michigan law an offer of settlement is the same as any contractual offer; acceptance of the offer creates a valid and enforceable agreement. *Kloian v. Domino's Pizza, LLC*, 273 Mich. App. 449, 452-53 (1985).  Plaintiff and Defendant agreed to the material and essential terms of the Settlement Agreement, and Defendant accepted Plaintiff's offer.  Thus, the Settlement Agreement is valid and binding on Defendant.  *See id.*

Defendant's sole argument that the Court should not require it to abide by the terms of the Settlement Agreement and remit payment to Plaintiff is that "the parties agreed to and did effectively modify the ... payment due date to a date after December 30, 2013 and never agreed on a new specific date."  Despite Defendant's contention,

2

the parties never agreed to modify the Settlement Agreement; Plaintiff's counsel sent three emails to Defendant's counsel regarding the payment after December 30, but Defendant's counsel never responded.  Thus, the parties never mutually agreed to change the terms of the Settlement Agreement.

Under the terms of the binding Settlement Agreement, Defendant had to remit the settlement payment to Plaintiff by December 30, 2013; Defendant failed to do this. The Court has "the inherent power to enforce agreements entered into in settlement of litigation pending before [it]." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (citation omitted).  Accordingly, the Court orders Defendant to remit the settlement payment of $11,000 to Plaintiff by March 17, 2014.

The Court does not, however, require Defendant to pay Plaintiff's costs and attorneys' fees in filing this motion.  Plaintiff fails to provide any legal precedent or support for the award of its costs and fees, nor does it allege that the Settlement Agreement provides for recovery of costs and fees in this situation.

Plaintiff's Motion to Enforce Settlement Agreement and for Costs and Attorneys' Fees is **GRANTED IN PART** and **DENIED IN PART**; the Court finds:

(1)     The Settlement Agreement is valid and enforceable;

(2)     The Settlement Agreement required Defendant to remit the settlement payment to Plaintiff by December 30, 2013; because Defendant failed to comply with that requirement, the Court enforces the Settlement Agreement and **ORDERS** Defendant to remit the settlement payment of $11,000 to Plaintiff by **March 17, 2014**, a date which is reasonable under the circumstances;

(3)     Plaintiff's request for costs and attorneys' fees is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 28, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 28, 2014.

s/Linda Vertriest
Deputy Clerk

4